UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MILES SANFORD, | ) | CASE NO. 3:09 CV0900 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

*Pro se* petitioner Miles Sanford filed a habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Pennsylvania on January 29, 2009. *Sanford v. United States*, No. 09cv0407 (E.D. Pa. filed Jan. 29, 2009). He complained he had been housed at the Philadelphia Federal Detention Center since December 15, 2008, awaiting "pick-up" by Ohio authorities.

District Court Judge R. Barclay Surrick issued an Order on March 20, 2009 approving and adopting United States Magistrate Judge Timothy Rice's Report and Recommendation to transfer the case to the Northern District of Ohio. The above-captioned case was filed in this court on April 20, 2009 and is ready for consideration.

## *Background*

Mr. Sanford was arrested on November 5, 2008, based on a Child Support Warrant issued from Lucas County, Ohio. He was surrendered to the United States Marshal on December 15, 2008. Because petitioner was presumably in Philadelphia, Pennsylvania at the time, he was held in custody at the Federal Detention Center in Philadelphia. Almost 40 days after his detention in Philadelphia, Mr. Sanford filed a federal habeas petition seeking immediate release. Citing 18 U.S.C. § 3182, he argued he was entitled to be released because he was held more than 30 days awaiting 'pick up' by Ohio authorities.[1]

In a letter to Magistrate Judge Rice, dated February 24, 2009, Attorney Advisor Darrin Howard advised that Mr. Sanford was transported from FDC Philadelphia on February 2, 2009. He added Mr. Sanford is "currently housed in the Northern District of Ohio, where he arrived on February 10, 2009." (Letter from Howard to Rice of 2/24/09.) As of the date this order issued, the Bureau of Prisons' website reveals petitioner is: "NOT IN BOP CUSTODY."

***Standard of Review***

---

[1]The statute provides, in relevant part:

> Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, . . . produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, . . . certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District, or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, . . . and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

18 U.S.C. § 3181

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*" 28 U.S.C. § 2243 (emphasis added). Based on an initial review of the petition, petitioner is not entitled to an award of the writ.

### ***Moot***

Mr. Sanford's claims against the United States and FDC Philadelphia is moot. Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *See* U.S. CONST. art. III, § 2, cl. 1; *see also*, *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). In order to satisfy this requirement, a plaintiff must suffer or be threatened with an actual injury that is traceable to the defendant. The parties must maintain a personal stake throughout the litigation, where a favorable decision would likely redress the injury. *See Lewis*, 494 U.S. at 477-78. Thus, a mootness inquiry asks "whether there is anything left for the court to do." *Western Oil and Gas Ass'n v. Sonoma County*, 905 F.2d 1287, 1290 (9th Cir.1990)(quoting WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3532.1 (2d ed.1984)).

Petitioner's request for relief was based on his continued detention in Philadelphia, more than 30 days from the date he was arrested. Since the time he filed the petition, however, Mr. Sanford was transferred from FDC Philadelphia to an unknown location in Ohio. To the extent Mr. Sanford's continued detention in Philadelphia was the centerpiece of his habeas petition, that issue is now moot.

Even if a controversy still existed, this court cannot ignore the fact that it must direct

a writ of habeas corpus "to the person having custody of the person detained."28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Therefore, this court only has jurisdiction over a habeas corpus petition if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495. To evaluate jurisdiction, a court therefore must first identify the petitioner's custodian and then determine whether it has personal jurisdiction over that custodian. Currently, petitioner is not in BOP custody. Without more, this court cannot identify petitioner's custodian and, thus, cannot assert jurisdiction over his petition.

### *Conclusion*

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. §2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 7/9/09